United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re WESTERN ASBESTOS COMPANY, et al.,

     Debtors.
_____/

HON. CHARLES RENFREW (RET.), FUTURES REPRESENTATIVE TO THE WESTERN ASBESTOS SETTLEMENT TRUST, AND THE TRUST ADVISORY COMMITTEE TO THE WESTERN ASBESTOS SETTLEMENT TRUST,

     Plaintiffs/Appellees,

    v.

HARTFORD ACCIDENT AND INDEMNITY COMPANY,

     Defendant/Appellant.
_____/

No. C 08-4127 PJH/08-4376 PJH
Bankr. Case No. 02-46284
Adv. Case No. 07-4141

**ORDER DENYING MOTION TO STRIKE; PERMITTING SUPPLEMENTAL BRIEF**

On January 9, 2009, trustees of the Western Asbestos Settlement Trust ("the Trust"), plaintiff-intervenors in the adversary proceeding below, filed a "joinder" in appellees' opposition brief on appeal, in which the Trust raised arguments not raised by appellees. On January 14, 2009, appellant Hartford Accident and Indemnity Company ("Hartford"), moved to strike the Trust's brief because the Trust is not a party to the appeal and because Hartford did not have an adequate opportunity to respond to the arguments raised by the Trust in its brief. The Trust filed an opposition to Hartford's motion to strike on January 15, 2009.

     Neither the Trust nor Hartford have addressed the real issue raised by the Trust's

filing of its brief.  The issue before this court is the Trust's status on appeal given the fact that the bankruptcy court granted intervenor status below.  The Ninth Circuit has held that although Federal Rule of Civil Procedure 24, the rule governing intervention, itself does not apply on appeal, the policies and standards underlying Rule 24 are applicable to intervention in appellate courts, and that the appellate court considers the same factors that the district court considered under Rule 24.  *See Warren v. CIR,* 302 F.3d 1012, 1014 (9th Cir. 2002).  The court finds that because the Trust continues to satisfy Rule 24 standards, it retains its intervenor status on appeal and is therefore permitted to file the January 9, 2009 brief.  *See id.*

Accordingly, the court DENIES Hartford's motion.  However, the court will permit Hartford to file and serve **no later than Friday, February 20, 2009,** a ten-page supplemental brief responsive to the arguments raised by the Trust.  No reply is permitted.

**IT IS SO ORDERED.**

Dated: February 5, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge